UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| D. BRUCE GEARY, and G&R ASSOCIATES, an Illinois Partnership,  )<br>  )<br>         Plaintiff,  )<br>  )<br>     vs.  )<br>  )<br>MOTEL PROPERTIES, INC.,  )<br>  )<br>         Defendant.  ) | 1:06-cv-225-JDT-WTL |

## ENTRY DENYING MOTION TO RECONSIDER (Document #22)

On March 13, 2006 the court entered an order striking portions of Plaintiffs' Complaint. Specifically, the order struck a reference in paragraphs 18 and 42 of the Complaint to a demand of $75,000 made by Defendant, which is also a counterclaim Plaintiff, to settle its claim against Plaintiffs. The order also struck an exhibit to the complaint which was a pre-suit settlement negotiation letter. The basis for the court order striking the language and exhibit was that references to settlement negotiations are inadmissable, immaterial and impertinent.

Plaintiffs ask the court to reconsider its earlier ruling because it was made prior to them having an opportunity to respond to the motion. The court has reviewed their response now and is still not persuaded that references to pre-suit settlement negotiations should be a part of the pleadings. The court is fully aware that the evidentiary rules do not apply to the pleadings filed with the court. However, that does

not change the fact that such language and exhibits are unnecessary under the modern pleading rules and, since this is not a breach of compromise or settlement claim, nearly certain to be inadmissable.[1]  In other words the language and exhibit are currently impertinent and more likely aimed at prejudicing the reader than providing factual support for a legal claim.  This court is of the belief that allowing the use of compromise materials in pleadings runs against the intent of Fed. R. Evid. 408 to encourage settlement negotiations at all points of a dispute.  *See discussion in Fidelity Nat. Title Co. V. Law Title Ins. Co., Inc.*, 2005 WL 1126899, *5 -*6 (N.D. Ill. 2005).  This same goal of encouraging parties to enter into settlement discussions at any time is a widely accepted federal judicial philosophy as well.

Accordingly, Plaintiffs' Motion to Reconsider **(Document # 22)** is **DENIED.**

ALL OF WHICH IS ORDERED this 16th day of May 2006.

_____
John Daniel Tinder, Judge
United States District Court

Copies to:

Eric N. Allen
ALLEN WELLMAN & MCNEW
ena@awmlaw.com

---

[1] The fact that the court today sees the language and exhibit as being inadmissable, does not foreclose Plaintiffs from raising the issue again at a later stage of these proceedings, if they desire.

Lisa Marie Joachim
ALLEN WELLMAN MCNEW
lmj@awmlaw.com

Stephen P. Kenley
MITCHELL HURST JACOBS & DICK LLP
skenley@mhjd.com

Marvin H. Mitchell
MITCHELL HURST JACOBS & DICK, LLP
mmitchell@mhjd.com

Richard A. Smikle
ICE MILLER LLP
richard.smikle@icemiller.com

Rabeh M. A. Soofi
ICE MILLER LLP
rabeh.soofi@icemiller.com

Donald G Scharbrough
962 Kalijah Road
Protem, MO 65733

Rosemary V. Scharbrough
962 Kalijah Road
Protem, MO 65733

T.M.L.M., Inc.
342 Massachusetts Ave., Suite #300
Indianapolis, IN 46204

TM-LM, Inc.
9447 Brian Drive
Indianapolis, IN 46236