UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| D. BRUCE GEARY, et al., | ) |
| | ) |
|   Plaintiffs, | ) |
| | ) |
|     vs. | ) CAUSE NO. 1:06-cv-225-WTL-JDT |
| | ) |
| DONALD G. SCHARBROUGH, et al., | ) |
| | ) |
|   Defendants. | ) |

**ENTRY ON MOTION FOR PAYMENT**

This cause is before the Court on the Motion for Payment of Discovery Expenses filed by Third-Party Defendants Donald G. Scharbrough, Rosemary V. Scharbrough, and T.M.L.M., Inc. (collectively "Defendants") and the response thereto filed by Plaintiffs D. Bruce Geary, Arline Geary and G&R Associates (collectively "Plaintiffs"). The Defendants have not filed a reply in support of their motion, and the time for doing so has expired. The Court, being duly advised, **GRANTS IN PART** the motion for the reasons set forth below.

After the Defendants identified certain categories of documents in conjunction with their initial disclosures, Plaintiffs' counsel, by letter, asked the Defendants to produce those documents. When the Defendants asked whether they wanted them to make the documents available for inspection or have them copied (at the Plaintiffs' expense), Plaintiffs' counsel asked for an estimate of how many documents were at issue. Defendants' counsel responded in a letter dated February 26, 2007, in which he identified five categories of responsive documents that the Defendants had. Category no. 2 was "Cancelled checks and bank statements," about which counsel stated:

> We have copies of bank statements from January, 2002 through July, 2004 along
> with the cancelled checks returned with those bank statements. Of these checks,

we have identified approximately 150 checks relating to disclosure #1.

In addition to these checks and bank statements, the Defendants identified approximately 35 pages of additional documents in the other categories. On March 2, 2007, Plaintiffs' counsel responded as follows: "In response to your letter dated February 26, 2007, please copy the documents identified in items no. 1, 2, 3, 4, and 5, and send them to us." In a follow-up letter on March 8, 2007, Defendants' counsel sought clarification regarding the cancelled checks as follows:

> In regards to the checks identified in item no. 2 of our February 26, 2007, letter, please advise if you want copies of all of the cancelled checks from January, 2002 through July, 2004, or just the checks we identified as being relevant to this action.[1]

In a responsive email, Plaintiffs' counsel asked Defendants' counsel to "[p]lease make the copies requested and send me the bill, if you must. Please include all of the checks you possess."

Based upon these instructions, the Defendants had all of the cancelled checks that they possessed copied. The total bill for copying came to $1,421.67, which included 2,650 copies

---

[1] The Plaintiffs assert that this question was "made with a bad-faith intent to deceive" them, an argument which, frankly, the Court does not understand. The Plaintiffs' assertion that "[o]pposing counsel ordinarily do not make 'relevancy' determinations for parties requesting documents" may be correct in the context of a Rule 34 document request, but it is certainly incorrect in the context of initial disclosures, where a party is charged with producing all documents which he or she may use to support his or her claims or defenses, a task which necessarily requires making relevancy determinations. If anything, it seems as if the Defendants' counsel was trying to ensure that the Plaintiffs were aware that most of the checks were not going to be relevant and that the Plaintiffs might not be interested in having them all copied and produced; the Court fails to see the deviousness in pointing that out. The Plaintiffs' argument is internally inconsistent: either they trusted the Defendants to cull out the relevant checks and produce only those, in which case they should not have asked for "all of them," or they did not trust them, in which case even if the Defendants had only produced a subset of them, the Plaintiffs would have then requested all of them in order to verify that all of the relevant checks had been produced.

that required "glasswork" (presumably copying the cancelled checks) and 5,490 copies designated as "heavy litigation." The Defendants do not identify what these remaining copies were, but assert that all of the copies were of documents requested by the Plaintiffs. The Plaintiffs' position is that they only requested (and agreed to pay for) the 185 pages identified by the Defendants in the February 26th letter (although this total ignores the bank statements that were identified, but not enumerated, in that letter).

With regard to the cancelled checks, the Plaintiffs argue that when their counsel wrote "[p]lease include all of the checks you possess," she was referring only to those checks that the Defendants had identified as relevant. This position is untenable. The question the Defendants' counsel asked was "do you want copies of all of the checks that we have or just the ones we think are relevant?" The answer they got was "all of them." It was thus reasonable and appropriate for the Defendants to have "all of them" copied and to bill the Plaintiffs for them.

That does not end the inquiry, however, because, as already noted, it is not clear how many of the copies at issue were of the cancelled checks and what the other additional (i.e. in excess of 185) copies were. Accordingly, the Defendants' motion is **GRANTED** to the following extent: the Defendants shall identify the number of pages that constitute the bank statements and the cancelled checks. The Plaintiffs shall reimburse the Defendants for the cost of copying those pages plus the additional 35 pages of documents identified in Defendants' counsel's February 26th letter. These documents shall be produced to the Plaintiffs. The Plaintiffs may, if they wish, inspect the remaining documents and determine which, if any, they wish to pay for and receive.

SO ORDERED:   08/23/2007

_William T. Lawrence_

Hon. William T. Lawrence, Magistrate Judge
United States District Court
Southern District of Indiana

Copies to:

Donald F. Foley
FOLEY & TURNER
donf@foleyandturner.com

Dana L. Luetzelschwab
FOLEY & TURNER
danal@foleyandturner.com

Richard A. Smikle
ICE MILLER LLP
richard.smikle@icemiller.com

Rabeh M. A. Soofi
ICE MILLER LLP
rabeh.soofi@icemiller.com

TM-LM, Inc.
9447 Brian Drive
Indianapolis, IN 46236